**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**FELIPE NEVAREZ IBARRA**                                                                 **PETITIONER**

VS.                             CASE NO. 5:10CV00328 BSM/HDY

**RAY HOBBS, Director,
Arkansas Department of Correction**                                                  **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Felipe Nevarez Ibarra, an inmate in the custody of the Arkansas Department of Correction (ADC) filed this application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Mr. Ibarra was found guilty of four crimes (two counts of delivery of a controlled substance, possession of a controlled substance with intent to deliver, and simultaneous possession of drugs and firearms) and sentenced to a total of 45 years imprisonment following an August, 2008 trial in the Circuit Court of Washington County. Mr. Ibarra unsuccessfully appealed the conviction, alleging there was insufficient evidence to support the conviction for possession of a controlled substance with intent to deliver, and insufficient evidence to support the conviction for simultaneous possession of drugs and firearms. The Arkansas Court of Appeals affirmed his convictions in an opinion dated October 28, 2009. *Ibarra v. State*, 2009 Ark. App. 707.

Mr. Ibarra now advances one claim for federal habeas corpus relief: the proof is constitutionally insufficient to support the convictions for possession of a controlled substance with intent to deliver and for simultaneous possession of drugs and firearms.

The Arkansas Court of Appeals concluded that sufficient evidence was adduced to support both convictions:

> . . . Appellant challenges the sufficiency of the evidence supporting his convictions for possession of a controlled substance with intent to deliver and simultaneous possession of drugs and firearms. We affirm.
>
> At appellant's trial, evidence was introduced regarding two controlled drug purchases by a confidential informant (CI) from appellant at his home, which resulted in the execution of a search warrant on appellant's house. On October 22, 2007, Detective Greg Lovett and Corporal Josh McConnell participated in a controlled buy with a CI to purchase ecstasy from appellant. They searched the CI, fitted him with a wireless recording device, and drove him to appellant's house, where the CI obtained ten ecstasy pills. These ecstasy pills were green with Christmas trees on them. On November 8, 2007, Detective Cameron Crafton assisted Corporal McConnell with another controlled buy operation, this time with the CI purchasing eight ecstasy pills from appellant, again at appellant's home.
>
> On November 20, 2007, at 6:00 a.m., police executed a search warrant at the residence where the controlled buys from appellant had taken place. Appellant was not home at the time, but members of his family were. In a locked bedroom on top of a computer desk, police found three of the green ecstasy pills with Christmas trees. In the closet of the bedroom were several guns, one of which was loaded. Also in the room were appellant's driver's license and several uniforms from appellant's place of work. The bedroom door was locked from the outside; the emergency response team kicked it open during their initial walk-through of the house. Appellant's mother informed police that appellant had a key to the bedroom. Police were not informed that anyone else had a key.
>
> Directed-verdict motions are treated as challenges to the sufficiency of the evidence. *Vergara-Soto v. State,* 77 Ark.App. 280, 282, 74 S.W.3d 683, 684 (2002). When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Id.* Substantial evidence, whether direct or circumstantial, is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another, without resort to

speculation or conjecture. *Id.*

Appellant's first argument is that the evidence was insufficient to support a guilty verdict on the charge of possession of a controlled substance with intent to deliver. Specifically, appellant argues that there was insufficient evidence (1) that he was in constructive possession of the ecstasy and guns or (2) that he had the requisite intent to deliver the ecstasy. First, the State is correct that appellant's sole argument regarding the possession charge during his motion for directed verdict was that the prosecution failed to prove intent. Thus, his constructive-possession argument is not preserved for our review. *See, e.g., Benjamin v. State,* 102 Ark.App. 309, 285 S.W.3d 264 (2008).

Even if the argument had been preserved, we would still affirm because appellant constructively possessed the items at issue. Possession of ten dosage units of a hallucinogenic drug, such as ecstasy, gives rise to a rebuttable statutory presumption of intent to deliver. Ark.Code Ann. § 5-64-401(d) (Supp.2009). Here, appellant possessed only three dosage units, so there was no presumption that he possessed them with the intent to deliver. However, the State did present substantial evidence of intent to deliver. Intent can seldom be proved by direct evidence, and a jury may consider possession, along with any other pertinent fact, in determining whether an appellant possessed the specific intent to sell or deliver a controlled substance. *Thomason v. State,* 91 Ark.App. 128, 131, 208 S.W.3d 830, 832 (2005). In the case at hand, evidence of appellant's previous sales of ecstasy and his possession of firearms provided evidence of his intent to deliver the ecstasy. *See Conley v. State,* 308 Ark. 70, 821 S.W.2d 783 (1992) (police observation of appellant's participation in sale of cocaine was substantial evidence from which the jury could find intent to deliver); *Hendrickson v. State,* 316 Ark. 182, 871 S.W.2d 362 (1994) ("when an accused is charged with possession of a controlled substance with intent to deliver, evidence of the possession of firearms is relevant to prove intent"). Therefore, we affirm appellant's conviction for possession of a controlled substance with intent to deliver.

For his second argument, appellant contends that the State failed to provide sufficient evidence for a finding of guilt on the simultaneous possession of drugs and firearms charge. Arkansas Code Annotated section 5-74-106(a)(1) (Supp.2009) provides that no person shall unlawfully commit a felony violation of section 5-64-401 (manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance) or unlawfully attempt, solicit, or conspire to commit a felony violation of section 5-64-401 while in possession of a firearm. Section 5-74-106(d) provides that it is a defense to the crime described in section 5-74-106(a) "that the defendant was in his home and the firearm was not readily accessible for use." This does not provide a valid defense for appellant, who was not in his home at the time of the search and whose firearms were readily accessible for use. *See Vergara-Soto v. State,* 77 Ark.App. 280, 74 S.W.3d 683 (2002).

> In order to obtain a conviction under section 5-74-106(a)(1), the State must prove two elements: (1) that the defendant possessed a controlled substance and a firearm, and (2) that a connection existed between the firearm and the controlled substance. *Vergara-Soto v. State,* 77 Ark.App. 280, 74 S.W.3d 683 (2002). Appellant argues that he did not have possession of the controlled substance or the guns, and that, even if the court holds that he did have constructive possession, the second element was not met. We disagree.
>
> In arguing that a connection between the firearms and the controlled substances did not exist, appellant points to the fact that he was not present at his home when the search was conducted. Under a constructive-possession theory, appellant need not be physically present in order to establish that the elements of the statute were met. When seeking to prove constructive possession, the State must establish that the defendant exercised care, control, and management over the contraband. *McKenzie v. State,* 362 Ark. 257, 263, 208 S.W.3d 173, 175 (2005). This control can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id.*
>
> Appellant also contends that "[t]he pills were not located with the guns" because the pills were on a computer desk and the guns were in a closet. In *Manning v. State,* 330 Ark. 699, 956 S.W.2d 184 (1997), the supreme court affirmed a simultaneous-possession conviction where the defendant had both a loaded handgun and a large supply of illegal drugs in his bedroom closet, and the defendant was in another room of the house when the warrant was executed. In *Cherry v. State,* 80 Ark.App. 222, 95 S.W.3d 5 (2003), this court held that the evidence was sufficient to support a simultaneous-possession conviction where a loaded gun was found in the defendant's kitchen near items used to manufacture methamphetamine. In the case at hand, the drugs and a loaded gun (plus two other firearms and ammunition) were found in appellant's locked bedroom. There was evidence that only appellant had a key, and items distinguishing the room as appellant's were found inside. Viewing the evidence in the light most favorable to the State, we hold that there is substantial evidence to sustain the conviction for simultaneous possession of drugs and a firearm.

*Ibarra v. State*, 2009 Ark. App. 707.

The Eighth Circuit Court of Appeals has recently reaffirmed what Mr. Ibarra must show in order to prevail on his claims of insufficient evidence:

> Constitutionally, sufficient evidence supports a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560

> (1979). Because AEDPA only allows us to grant habeas relief if there was "an unreasonable application of [ ] clearly established Federal law," 28 U.S.C. § 2254(d)(1), we may grant relief only if we find the Iowa Court of Appeals' conclusion that the evidence satisfied the *Jackson* sufficiency of evidence standard "both incorrect *and* unreasonable." *Cole,* 623 F.3d at 1187; *see Skillicorn v. Luebbers,* 475 F.3d 965, 977 (8th Cir.2007) (recognizing the scope of review of the state court's determination of whether evidence was sufficient is "extremely limited").

*Garrison v. Burt*, 2011 WL 781219, 4 (March 8, 2001) (8th Cir. Iowa).

So, the inquiry here is straightforward: was the Arkansas Court of Appeals' conclusion that there was sufficient evidence to support Ibarra's convictions both incorrect and unreasonable? We find the Arkansas Court was neither incorrect nor unreasonable.

The petitioner contends the conviction for possession of Ecstasy with intent to deliver was defective because the prosecution erroneously relied upon the petitioner's "constructive possession" of the drugs. Specifically, the petitioner urges that "no record evidence exists showing that Ibarra exercised dominion or control over the pills." Docket entry no. 1, page 3. The Arkansas Court of Appeals, however, held that petition "constructively possessed the items at issue." The trial record, which we have carefully reviewed, supports the possession of the items by Mr. Ibarra. Testimony was adduced that Ibarra was not present when police officers searched his residence. However, Ibarra's mother told officers that a locked bedroom was Ibarra's. (Tr. 278). After kicking in the door, the officers found Ecstasy pills[1] and weapons, along with Ibarra's driver's license. Also, the officers found uniforms in the room for O'Reilly's Automotive Store, where petitioner was employed. The uniforms had the petitioner's name on

---

[1] The Ecstasy pills were a variety known as "Christmas trees." Ibarra was convicted of delivery of ten "Christmas trees" based upon a purchase which occurred by a confidential informant on October 22, 2007, about one month before the search of Ibarra's bedroom. (Tr. 268, 280).

6

them. (Tr. 280-303). Petitioner's trial attorney attempted to suggest that others in the residence may have had access to Ibarra's bedroom, but failed to elicit testimony that Ibarra's mom or stepbrother had keys to the room. (Tr. 296). The trial attorney also suggested but failed to prove that the weapons may have belonged to someone other than Ibarra.[2] While it is true that Ibarra was not physically in the room with the Ecstasy and weapons at the moment of the search, the Arkansas Court of Appeals was correct in finding Ibarra constructively possessed the drugs and weapons based upon the facts adduced at trial. *See, e.g. Abshure v. State*, 79 Ark. App. 317 (2002) (constructive possession may be inferred from the circumstances).

Mr. Ibarra also argues that even if he possessed the Ecstasy pills, the amount of pills recovered (three pills) was insufficient to establish that he possessed the pills with "intent to deliver." By statute, a rebuttable presumption exists that one possesses with intent to deliver if the person has at least ten Ecstasy pills. Ark. Code Ann. § 5-64-401(d). The petitioner urges that unless the prosecution proved at least ten pills were found then no rebuttable presumption exists. The petitioner's argument misses the point that the Arkansas Court of Appeals expressly found that "there was no presumption that [Ibarra] possessed [the pills] with the intent to deliver." Thus, the prosecution did not rely on the statutory presumption. Instead, the prosecution proved intent to deliver by showing Ibarra's previous sales of Ecstasy and his possession of firearms. The Arkansas Court of Appeals found this evidence of intent to deliver amply supported the conviction, and the petitioner does not establish that this conclusion was

---

[2]Ibarra's attorney, when questioning Fayetteville Police Officer Cameron Crafton about the weapons, asked if Crafton's opinion that the guns were Ibarra's would change if John Riddle "said those were my guns and I put them in that closet because I didn't have any room in our bedroom." (Tr. 232). Mr. Riddle, however, did not testify at the trial.

both incorrect and unreasonable. There is no merit to the claim that the conviction for possession with intent to deliver was based on insufficient evidence.

The petitioner also contends that there was insufficient evidence to support his conviction for simultaneous possession of drugs and firearms. He argues that the evidence is lacking because he was not present when the pills and guns were found, and because the "pills were not anywhere near the guns." Docket entry no. 1, page 4. The Arkansas Court of Appeals squarely addressed both of these arguments, citing Arkansas case law to support their conclusion that the petitioner constructively possessed the drugs and firearms, and that the proximity of the drugs and firearms was adequate. The Arkansas Court of Appeals noted the drugs and guns were found in Ibarra's locked bedroom, that evidence established Ibarra was the only person with a key, and that Ibarra's personal items were found in the room. The petitioner bears the burden of showing this conclusion of sufficient evidence is incorrect and unreasonable. Merely reiterating the argument made on appeal does not sustain this burden. We find the evidence supports the conviction for simultaneous possession of drugs and firearms.

In summary, we find no merit to the claims of Mr. Ibarra. Therefore, we recommend that the petition for writ of habeas corpus be dismissed, and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

IT IS SO ORDERED this   4   day of April, 2011.

                                                       UNITED STATES MAGISTRATE JUDGE